IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARMAWAN LUDIRDJA** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No.:** |
| | ) |
| **THE CBE GROUP, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff that Plaintiff does not owe.

## JURISDICTION

2. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

4. Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant does business in this judicial district.

## PARTIES

5. Plaintiff Darmawan Ludirdja (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant The CBE Group, Inc., ("Defendant" or "CBE") is a foreign corporation doing business in this judicial district in Alabama. It is incorporated in Iowa and has its principal place of business in Iowa.

## FACTS

7. CBE attempted to collect a debt allegedly owed by Plaintiff on a Direct TV receiver.

2

8. CBE is in the business of regularly collecting defaulted debt owed to another.

9. CBE is a "debt collector" as defined by the FDCPA in Section 1692a(6).

10. Plaintiff bought the receiver from a store, not from Direct TV.

11. CBE falsely claimed money owed by Plaintiff on this receiver.

12. Plaintiff explained to CBE on or about May 16, 2012, in a phone call that Plaitniff owed nothing to Direct TV and therefore nothing to CBE.

13. CBE agreed to close the account and no longer collect against Plaintiff.

14. Plaintiff asked CBE if he needed to do anything to make sure this matter was closed and CBE told Plaintiff there was nothing further for him to do.

15. Plaintiff has repeated this process with at least one other collection agency and has directly confirmed with Direct TV that no money is owed on any account.

16. In 2014 CBE put this same account on Plaintiff's credit report.

17. This one negative account has had a terrible impact on Plaintiff's credit score and credit worthiness.

18. CBE has not indicated that the account is in dispute as is required by the FDCPA when a collection agency reports a disputed account to the credit reporting agencies (Equifax, Experian, TransUnion, etc). Section 1692e(8).

19. CBE knows, and has known since at least 2012 that Plaintiff does not owe any money to Direct TV and disputes owing any money.

20. CBE has falsely reported a debt in violation of Section 1692e, 1692e(2), 1692e(8), and 1692e(10), all of which prohibit any use of any false or deceptive means to collect a debt.

21. CBE has called and written and has credit reported on this debt that Plaintiff does not owe.

22. CBE knows Plaintiff does not owe this debt but it has collected on it anyway.

23. CBE's intent and plan is to force Plaintiff to pay on a debt he does not owe by bringing to bear pressure from calls, letters, and credit reporting.

24. Credit reporting a collection account is particularly harmful to someone with few or no other negative accounts as the drop in credit score is significant.

25. CBE has failed to give all required disclosures and warnings to Plaintiff as required by Section 1692e(11).

26. CBE has violated Section 1692f as collecting on a debt that is not owed is patently unfair and unconscionable.

27. The agreement between Direct TV and Plaintiff does not allow for collection of debt not owed and therefore CBE has violated Section 1692f(1).

28. All of the above-described collection activities made to Plaintiff by Defendant CBE were made in violation of the FDCPA, including (but not limited to) §§1692e, 1692e(2), 1692e((8), 1692e(10), 1692e(11), 1692f, and 1692f(1).

29. The above-detailed conduct by the Defendant CBE of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

30. This series of abusive collection actions by Defendant CBE caused Plaintiff stress and anguish.

31. Defendant CBE's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

32. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## **NEGLIGENT AND WANTON HIRING AND SUPERVISION**

33. Defendant CBE negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The acts and omissions of Defendant CBE constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §§1692e, 1692e(2), 1692e(8), 1692e(10), 1692e(11), 1692f, and 1692f(1).

36. As a result of Defendant CBE's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant CBE.

### COUNT II.

### INVASION OF PRIVACY

37. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

38. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant CBE violated Alabama state law as described in this Complaint.

6

39. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

40. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

41. Defendant CBE intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

7

42. This is particularly true as it is fundamentally unreasonable to collect on a debt that the Plaintiff does not owe, especially when the debt collector CBE knows Plaintiff does not owe the debt.

43. Defendant CBE intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

44. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

45. The conduct of Defendant CBE, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant CBE which occurred in a way that would be highly offensive to a reasonable person in that position.

46. Defendant CBE has continued to publicly state through credit reporting that Plaintiff owes the debt to Defendant CBE when Defendant CBE knows this is untrue.

47. All of the other wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant CBE in its campaign of improper debt collection which has led to the Plaintiff's privacy being invaded.

48. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant CBE.

49. All acts of Defendant CBE were committed with malice, intent, wantonness, and/or recklessness and as such Defendant CBE is subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

50. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

51. Defendant CBE's collectors are allowed and encouraged to break the law in order to collect debts.

52. This includes all of the violations of the law described in this Complaint.

53. Defendant CBE is aware of the wrongful conduct of its collectors.

54. Defendant CBE negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant CBE is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

## WANTON, MALICIOUS, AND INTENTIONAL CONDUCT

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

56. Defendant CBE had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

57. Defendant CBE had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

58. Defendant CBE acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

59. Defendant CBE violated all of the duties Defendant CBE had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

60. It was foreseeable, and Defendant CBE did in fact foresee it, the actions of Defendant CBE would lead and did lead to the exact type of harm suffered by Plaintiff.

61. Defendant CBE acted with malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

62. Defendant CBE invaded the privacy of Plaintiff as set forth in Alabama law.

63. Such malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

64. As a result of this conduct, action, and inaction of Defendant CBE, Plaintiff has suffered damages as set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against all Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

The CBE Group, Inc.
c/o CSC Lawyers Incorporating Service
150 S. Perry Street
Montgomery, Alabama 36104

12